IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Robert W. Johnson,                           :

       Plaintiff,                         :

       v.                                 :        Civil Action No. DKC 19-1931

Andrew Saul, Individually and as             :
Commissioner of Social Security,
Social Security Administration, and          :
Saul Partners, L.P.
       Defendants.                        :

**MEMORANDUM and ORDER**

Plaintiff Robert J., proceeding *pro se*, filed a hybrid complaint against the Social Security Administration and others on June 27, 2019. (ECF No. 1). Although essentially an appeal from the denial of social security benefits, Plaintiff has included claims against other parties arising from their asserted participation in the social security proceedings. Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted. (ECF No. 3). Plaintiff served the three necessary parties for a Social Security appeal: William P. Barr, United States Attorney General; Robert K. Hur, United States Attorney for the District of Maryland; and Andrew Saul, Commissioner of the Social Security Administration. (ECF No. 6 at 3-10). Plaintiff also attempted service on Andrew Saul in his individual capacity at Saul Partners, L.P. (ECF No. 6 at 1-2). By Order issued November 20, 2019, the court quashed service as to Defendant Saul Partners, L.P. because service was not effected properly, and directed the U.S. Marshal to report on the service of process on Defendant Saul Partners, L.P. (ECF No. 24). Summonses were returned executed as to Saul Partners, L.P. and Andrew Saul in his individual capacity on November 11, 2019. (ECF No. 25).

The Commissioner filed a motion to dismiss Plaintiff's complaint on November 19, 2019. (ECF No. 22). In response, Plaintiff filed a paper titled "Motion for Summary Judgment to

Plaintiff" on December 2, 2019. (ECF No. 26). The parties consented to having this case decided by a Magistrate Judge (ECF No. 13, 27), but Plaintiff's filings raise two issues that the District court must address.

**A. Reconsideration of the Court's November 19, 2019 Order**

Plaintiff objects to the Court's November 20, 2019 Order allowing service to be effected properly on Saul Partners, L.P. in his motion for summary judgment. (ECF No. 26 ¶¶ 1, 2, 3, 6). Plaintiff also requests "federal investigations" into the matter, alleging that Saul Partners, L.P. bribed the courts, and that "U.S. Government officials are committing federal crimes in conspiracy with the USPS for Court issued summonses served to Defendants." (ECF No. 26 at 1-3). The Court construes Plaintiff's objection as a motion for reconsideration of the court's Order. For the reasons set forth below, Plaintiff's motion will be denied.

Under Rule of Civil Procedure 54(b), an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[C]ourts frequently look to [Rule 59(e) and Rule 60(b)] standards for guidance in considering such motions." *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014); *see also Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Packing. Co.*, No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (looking to Rule 59(e) standard). A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). A Rule 60(b) motion may be

granted for reasons including newly discovered evidence, fraud, misconduct, and where a judgment is void or has been satisfied. Fed. R. Civ. P. 60(b).

Here, Plaintiff does not identify any grounds for reconsideration. Service on Defendant Saul Partners, L.P. was not effected properly. *See* (ECF No. 24). The court therefore allowed for proper service. *Id*. Because no valid grounds for reconsideration have been identified, Plaintiff's motion for reconsideration (ECF No. 26 ¶¶ 1, 2, 3, 6) will be denied.[1]

**B. Dismissal of Certain Claims**

The court has reviewed Plaintiff's complaint (ECF No. 1) and his objection to the Commissioner's motion to dismiss (ECF No. 26). Based on this review, the Court finds that Plaintiff has not stated a claim against Saul Partners, L.P. or Andrew Saul in his individual capacity. Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a complaint filed by a *pro se* plaintiff if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). "Liberal construction, though, does not mean a court may overlook a clear failure in the pleading to allege facts that set forth a cognizable claim." *McClain v. Wells Fargo Home Mortgage/Wells Fargo Bank, N.A.*, Civil No. PWG-18-2084, 2018 WL 8968242, at *2 (D. Md. October 12, 2018)

---

[1] The remaining arguments in Plaintiff's motion for summary judgment are construed as follows: (1) Plaintiff's objection to the Commissioner's motion to dismiss (ECF No. 26 ¶ 4) will be treated as such and addressed in the forthcoming opinion by Magistrate Judge Boardman; (2) Plaintiff's request for this court's review of a civil case decided in the United States District Court for the Northern District of New York (ECF No. 26 ¶ 5) is denied because this court does not have jurisdiction over that case, *see* 28 U.S.C. § 1291; and (3) Plaintiff's request for "federal probes into above-captioned matters outside of legal proceedings henceforth as federal crimes are being committed and are ongoing" (ECF No. 26 ¶ 7) is denied because this court does not have authority to open investigations, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Bond v. U.S. Dep't of Justice*, 828 F. Supp.2d 60, 75 (D.D.C. Dec. 6, 2011).

(citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff's claims against Saul Partners, L.P. and Andrew Saul in his individual capacity shall be dismissed. Plaintiff's complaint alleges that the Social Security Administration repeatedly denied his requests for disability benefits. *See* (ECF No. 1). Although Plaintiff alleges generally that "Defendants" have exercised an "abuse of authority," *id.*, Plaintiff does not claim that Andrew Saul, in his personal capacity, was involved in the denial of his requests for Social Security benefits. As for Saul Partners, L.P., the only reference to it in the complaint is the requested relief of "50% ownership of Saul Partners, L.P." (ECF No. 1 at 4). The Social Security Act, which gives the court jurisdiction over Social Security appeals, does not permit money damages. *See* 28 U.S.C. § 405(g).

For these reasons, the court will dismiss Plaintiff's claims as to Defendants Andrew Saul in his individual capacity and Saul Partners, L.P. without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Accordingly, it is this 17th day of March, 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's claims as to Defendants Andrew Saul in his individual capacity and Saul Partners, L.P. are DISMISSED without prejudice;

2. Plaintiff's motion for reconsideration (ECF No. 26 ¶¶ 1, 2, 3, 6) is DENIED; and

3. The Clerk will transmit a copy of this Memorandum and Order to counsel of record and directly to Plaintiff.

                                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge