CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 20, 2020

LETTER TO COUNSEL

      RE:    *Robert J. v. Commissioner, Social Security Administration*
               Civil No. DLB-19-1931

Dear Plaintiff and Counsel:

      On June 27, 2019, Plaintiff filed a complaint, *pro se*, contesting actions by the Social Security Administration ("SSA"). ECF No. 1. On September 6, 2019, Plaintiff filed another complaint in this Court against the SSA.[1] *See* Civil No. RDB-19-2593, ECF No. 1. The factual and legal responses of the Commissioner are the same in both cases. In November and December 2019, the Commissioner filed motions to dismiss the cases for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies and for improper venue. ECF No. 22; Civil No. 19-2593-RDB, ECF No. 11. In support of its motion, the Commissioner submitted a declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the SSA and supporting documentation. ECF No. 22-2, Declaration ("Podraza Decl.").

      On December 2, 2019, Plaintiff filed a "Motion to Grant Summary Judgement to Plaintiff." ECF No. 26. The filing raises a number of issues, most of which have been addressed by District Court Judge Deborah K. Chasanow. ECF No. 28. This Court construes paragraph four of Plaintiff's filing as an opposition to the Commissioner's motion to dismiss. Plaintiff objects to the Commissioner's motion to dismiss "in entirety as U.S. Supreme Court matter '19-6559' is set for Summary Judgement in Plaintiffs [sic] favor 12/08/19."[2] ECF No. 26 at 2.

      This case is before me on consent of the parties. ECF Nos. 13, 27. Plaintiff did not file a consent in case number RDB-19-2593. My Report and Recommendation in that case mirrors my analysis below. I have carefully reviewed the parties' filings. No hearing is necessary.[3] Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss is granted.

---

[1] In the second-filed action, Plaintiff named several defendants not related to the SSA, but his claims in that case are substantially the same as in this case. *See* Civil No. RDB-19-2593, ECF Nos. 1, 6.

[2] On January 13, 2020, the Supreme Court denied Plaintiff's petition in Case No. 19-6559 against the Commissioner of the Social Security Administration. __ S. Ct. __, 2020 WL 129802 (Mem.). On February 24, 2020, the Supreme Court denied Plaintiff's petition for rehearing. __ S. Ct. __, 2020 WL 873917 (Mem.).

[3] Plaintiff requested a jury trial, ECF No. 1 at 3, but the Social Security Act does not provide for jury trials in Social Security appeals, 42 U.S.C. § 405(g).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony.").

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

The federal government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision." *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). The remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge ("ALJ") hearing and decision; and (4) Appeals Council ("AC") review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision. 42 U.S.C. § 405(g). If the claimant does not pursue administrative appeal rights, or does not do so within the time limits set out in the regulations, the administrative determination or decision becomes binding. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

In 2017 and 2019, Plaintiff filed four claims for Social Security benefits. On July 19, 2017, he filed two of his four claims for benefits, seeking Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Podraza Decl. ¶ (3)(c). His claim for DIB was denied on September 12, 2017, and he did not request review of that decision. *Id.* His claim for SSI was denied on September 20, 2017. *Id.* Plaintiff did request reconsideration of that decision, but he did not request further administrative review of the SSA's October 13, 2017 letter denying his request for reconsideration. *Id.* On March 28, 2019, Plaintiff filed a third claim for benefits, another claim for SSI. *Id.* ¶ (3)(d). His request was denied on July 17, 2019, and he did not request review of that decision. *Id.* On July 29, 2019, Plaintiff filed his fourth claim for benefits, another claim for DIB. *Id.* ¶ (3)(f). His request was denied on August 20, 2019, and he did not request review of that decision. *Id.* Each SSA notice advised Plaintiff how to appeal its decision. *Id.* Exhs. 5-9. All SSA correspondence was addressed to Plaintiff's address in New York. *Id.*

Plaintiff does not specify which SSA decision he is appealing. He states generally that "Defendants have continued to deny Plaintiff Social Security Benefits since April of 2010," ECF No. 1 at 1, and claims that he has been denied benefits "with no real reasons," that the SSA is discriminating against him, and that the SSA is exercising an "abuse of authority," *id.* at 2. He further alleges that "Defendants have lied about the validity & authencity [sic] of the Plaintiff's treating doctors['] affirmations of diagnosed injuries & disabilities that qualify Plaintiff for benefits." *Id.*

The record before me shows that Plaintiff failed to exhaust his administrative remedies. He did not request administrative review of the SSA's September 12, 2017 denial of his DIB claim; the SSA's October 13, 2017 denial of his motion for reconsideration of the denial of his SSI claim; the SSA's July 17, 2019 denial of his SSI claim; or the SSA's August 20, 2019 denial of his DIB claim. Because Plaintiff did not exhaust his administrative remedies, there is no "final decision" for judicial review.[4] Absent a "final decision" by the SSA, the Court has no jurisdiction over Plaintiff's claims. 42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.

Even if a court had jurisdiction over Plaintiff's appeal, the Commissioner argues that the District Court for the District of Maryland is not the proper venue. I agree. Venue properly lies in the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business"). For purposes of determining venue, "[i]t is immaterial that the principal place of business for the Social Security Administration is Maryland." *Davis v. Astrue*, No. SAG-11-3478, 2013 WL 66502, at *2 (D. Md. Jan. 3, 2013).

Plaintiff is a resident of New York. *See* ECF No. 1 (listing Bronx, New York address); ECF No. 6 (same); ECF No. 11-2 Exhs. 5-9 (SSA correspondence addressed to Plaintiff in Bronx, New York and Buffalo, New York). There is no allegation or evidence that he is a Maryland resident. Therefore, if the federal courts had jurisdiction over his claims, this case nonetheless could not

---

[4] Plaintiff is familiar with the multiple steps of administrative review. He previously exhausted his administrative remedies regarding the SSA's December 10, 2012 decision, and appealed to the United States District Court for the Southern District of New York where his case was decided on the merits. *See* ECF No. 22-2 Exh. 4.

proceed in Maryland. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, his complaint should be dismissed for lack of venue.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 22, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                                Sincerely yours,

                                                /s/

                                                Deborah L. Boardman
                                                United States Magistrate Judge